UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

COURTNEY R. M.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. 2:19-CV-00981-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when she improperly discounted the opinions of Drs. Sylvia Thorpe and Carl Epp. The ALJ's error is therefore harmful, and this matter is reversed and remanded pursuant

to sentence four of 42 U.S.C. § 405(g) to the Commissioner of the Social Security Administration ("Commissioner") for further proceedings consistent with this Order.

FACTUAL AND PROCEDURAL HISTORY

On September 8, 2014, Plaintiff filed applications for DIB and SSI, alleging disability as of December 15, 2011. *See* Dkt. 8, Administrative Record ("AR") 15. The application was denied upon initial administrative review and on reconsideration. *See* AR 15. A video hearing was held before ALJ Laura Valente on March 20, 2018. *See* AR 15. In a decision dated May 10, 2018, the ALJ determined Plaintiff to be not disabled. *See* AR 28. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 13; 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, Plaintiff maintains the ALJ erred by: (1) failing to properly evaluate the medical evidence; and (2) improperly determining Plaintiff's residual functional capacity ("RFC") and failing to meet her burden that Plaintiff is not disabled at Step Five. Dkt. 10.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I.     Whether the ALJ properly evaluated the medical evidence.**

Plaintiff contends the ALJ erred in evaluating the medical opinions of Drs. Thorpe and Epp. Dkt. 10, pp. 5-7.

In assessing an acceptable medical source, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-831 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

A. <u>Dr. Thorpe</u>

Dr. Thorpe completed a psychological evaluation of Plaintiff on two separate occasions, both at the request of Washington State Department of Social and Health Services ("DSHS"). AR 411-229. In May 2014, Dr. Thorpe opined Plaintiff had no or mild limitations in understanding, carrying out, recalling, and persisting in simple instructions, and in maintaining appropriate behavior in a work setting. AR 417. Dr. Thorpe also opined Plaintiff had severe limitations in completing a normal work week without interruptions from her symptoms, and setting realistic goals and planning independently. AR 417.

In April 2015, Dr. Thorpe saw Plaintiff and completed another DSHS psychological evaluation form. *See* AR 426-427. She opined Plaintiff had no or mild limitations in understanding, carrying out, recalling, and persisting in simple instructions, performing routine tasks without special supervision, making simple work decisions, and asking simple

questions/requesting assistance. AR 426. Dr. Thorpe opined Plaintiff had moderate limitations in learning new tasks and in adapting to changes in routine work. She opined Plaintiff had marked limitations in maintaining appropriate behavior in a work setting, and completing a normal work week without interruptions from her symptoms. AR 426-427. Finally, Dr. Thorpe opined Plaintiff had severe limitations in setting realistic goals and planning independently. AR 427.

During the mental status exam ("MSE") in April 2015, Dr. Thorpe provided a detailed outline of Plaintiff engaging in pain behaviors, saying Plaintiff "spends lots of time in exaggerated pain behaviors" and that during these behaviors, Plaintiff "looks at me to see how I might be responding." AR 427. Dr. Thorpe opined Plaintiff's behavior was "very unusual" and that she was "absolutely fixed on I'm in pain and I can't do anything." AR 427.

The ALJ discussed Dr. Thorpe's two DSHS forms and gave her opinions little weight, saying:

> I assigned little weight to the opinion of Sylvia A. Thorpe, Ph.D., who evaluated the claimant upon the request of DSHS in May 2014. Dr. Thorpe checked boxes indicating at least moderate impairment in every area except the ability to perform simple tasks and maintain appropriate behavior in a work setting. (1) She provided no explanation for these checked boxes. While Dr. Thorpe administered a mental status exam, she did not relate any of these findings to her limitations. (2) She evaluated the claimant again in April 2015, but this time found much less limitation. (3) Furthermore, the claimant engaged in pain behaviors constantly throughout the entire evaluation, which Dr. Thorpe outlines in detail. She opined that the claimant "spends tons of time in exaggerated pain behaviors" that were not undertaken in the earlier evaluation. Dr. Thorpe also noted that during these behaviors, the claimant "looks at me to see how I might be responding." Dr. Thorpe opined that this behavior was unusual and that the claimant was "absolutely fixed on I'm in pain and I can't do anything."

AR 25 (citations omitted) (numbering added).

First, the ALJ rejected Dr. Thorpe's opinions because Dr. Thorpe did not explain her check-the-box opinions. AR 25. The ALJ notes that although Dr. Thorpe did conduct an MSE,

she did not relate any of her findings to the opined limitations. AR 25. An ALJ may "permissibly reject[ ] ... check-off reports that [do] not contain any explanation of the bases of their conclusions." *Molina v. Astrue*, 674 F.3d 1104, 1111-12 (9th Cir. 2012) (internal quotation marks omitted) (quoting *Crane v. Shalala,* 76 F.3d 251, 253 (9th Cir.1996)). But, "opinions in check-box form can be entitled to substantial weight when adequately supported." *Neff v. Colvin*, 639 Fed. Appx. 459 (9th Cir. 2016) (internal quotation marks omitted) (citing *Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014)).

Here, Dr. Thorpe's opinions were not confined to a check-the-box form. Dr. Thorpe completed two DSHS evaluation forms. *See* AR 411-429. While she opined to several limitations in "check-off" format, Dr. Thorpe's opinions include notes from her clinical interview, clinical findings, and an MSE of Plaintiff. *See* AR 411-429. Dr. Thorpe's report detailed several abnormal test results which support her opinions. *See* AR 411-429. For example, during the May 2014 MSE, Dr. Thorpe noted Plaintiff "has some cognitive/[memory] problems" and that she "has real difficulty with multitasking, memory, and cognition." AR 417-418. During the April 2015 MSE, Dr. Thorpe noted that Plaintiff's complaints were "not simply a pain disorder. It is a somatization disorder, which includes mjultiple [sic] physical symptoms…" AR 425. Dr. Thorpe diagnosed Plaintiff with somatization disorder and histrionic personality disorder. AR 425. As Dr. Thorpe's opinions included testing and results relevant to the opined limitations, her opinions were not confined to a check-the-box form. Accordingly, the ALJ's finding that Dr. Thorpe did not provide an adequate explanation for the check-the-box portion of the opinions is not a specific, legitimate reason supported by substantial evidence for discounting the opinions. *See Smith v. Astrue*, 2012 WL 5511722, at *6 (W.D. Wash. Oct. 25, 2012) (holding an ALJ erred by rejecting an examining physician's

opinion as a "check-off" report where the physician "conducted a clinical interview, [and] report[ed] his findings and observations" in the report).

Second, the ALJ discounted Dr. Thorpe's opinions because Dr. Thorpe found "much less limitation" in the April 2015 evaluation compared to the May 2014 evaluation. AR 25. An ALJ may give less weight to a physician's opinion if the physician's clinical notes and recorded observations contradict the physician's opinion. *Bayliss*, 427 F.3d at 1216; *see Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (upholding the ALJ's rejection of a treating doctor's opinion because it was internally inconsistent); *Melton v. Commissioner of Social Sec. Admin.*, 442 Fed.Appx. 339, 341 (9th Cir. 2011) (finding the ALJ reasonably relied on an internal inconsistency when discrediting a doctor's opinion).

Here, the ALJ merely states that Plaintiff's April 2015 evaluation with Dr. Thorpe showed much less limitation than the May 2014 evaluation and does not provide any further reasoning. Without an adequate explanation to support the alleged inconsistency, the Court cannot determine if the alleged inconsistency is a valid reason to discredit Dr. Thorpe's opinions. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings."). Further, the ALJ's statement that the April 2015 evaluation showed much less limitation is not completely accurate. *See Embrey*, 849 F.2d at 421 (an ALJ cannot merely state facts the ALJ claims "point toward an adverse conclusion and make[] no effort to relate any of these objective factors to any of the specific medical opinions and findings he rejects"). For example, after the May 2014 evaluation, Dr. Thorpe opined Plaintiff had no or mild limitations in maintaining appropriate behavior in a work setting, yet opined Plaintiff had a marked limitation in this area after the

April 2015 evaluation. *See* AR 417, 427.Therefore, the ALJ's finding that Dr. Thorpe's opinions are internally inconsistent is not specific and legitimate and supported by substantial evidence.

Third, the ALJ discounted Dr. Thorpe's opinions because Plaintiff engaged in "pain behaviors constantly" throughout the April 2015 evaluation. AR 25. The ALJ interpreted the portion of the opinion regarding Plaintiff's "very unusual" behavior as indication that Plaintiff was acting deceptively at the time of the April 2015 evaluation, thus invalidating Dr. Thorpe's opinions. AR 25. The ALJ failed to show how Dr. Thorpe's observations of Plaintiff's unusual behavior are inconsistent with Dr. Thorpe's opined limitations. As part of the April 2015 evaluation, Dr. Thorpe performed an MSE of Plaintiff. AR 427-428. During the MSE, Dr. Thorpe noted Plaintiff had exaggerated pain behaviors. AR 427-428. Dr. Thorpe, aware of the exaggerated pain behaviors, opined to moderate and marked limitations. AR 426-427. There is nothing in the record to indicate Dr. Thorpe did not consider these exaggerated pain behaviors in reaching her opinion. Therefore, this is not a valid reason for discounting Dr. Thorpe's opinions.

Further, the ALJ essentially attempted to step into the shoes of Dr. Thorpe as a medical professional and interpret the data from the April 2015 evaluation, attempting to establish Plaintiff was malingering despite Dr. Thorpe making no such finding. This type of analysis is inappropriate in this context. *See Nguyen v. Chater*, 172 F.3d 31, 35 (9th Cir. 1999) ("As a lay person, however, the ALJ was simply not qualified to interpret raw medical data in functional terms…"); *see also Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("judges, including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play doctor. The medical expertise of the Social Security Administration is reflected in regulations; it is not the birthright of the lawyers who apply

them. Common sense can mislead; lay intuitions about medical phenomena are often wrong") (internal citations omitted)). Thus, the ALJ's third reason for discounting Dr. Thorpe's opinions is not specific or legitimate and supported by substantial evidence.

For the above stated reasons, the Court concludes the ALJ failed to provide specific, legitimate reasons supported by substantial evidence for assigning little weight to Dr. Thorpe's opinions. Accordingly, the ALJ erred.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Had the ALJ given great weight to Dr. Thorpe's opinion, the ALJ may have included additional limitations in the RFC. For example, after the May 2014 evaluation, Dr. Thorpe found Plaintiff severely limited in her ability to complete a normal work week without interruptions from her symptoms, and markedly limited in the same ability after the April 2015 evaluation. AR 417, 427. Dr. Thorpe also found Plaintiff severely limited in her ability to set realistic goals/plan independently. AR 417, 427. In contrast, in the RFC, the ALJ did not include any absenteeism or productivity limitations. *See* AR 20. Therefore, if Dr. Thorpe's opinion was given great weight and additional limitations were included in the RFC and in the hypothetical questions posed to the vocational expert ("VE"), the ultimate disability

determination may have changed. Accordingly, the ALJ's errors are not harmless and require reversal.

B. Dr. Epp

Plaintiff contends the ALJ erred by providing minimal weight to Dr. Epp's opinion. Dkt. 10, pp. 5-7.

Dr. Epp saw Plaintiff in March 2017 and completed a DSHS form. AR 554-558. Dr. Epp conducted a clinical interview and an MSE of Plaintiff and opined to several moderate and marked limitations in check-box format. AR 554-558. The ALJ discussed Dr. Epp's opinion and provided it minimal weight, saying:

> Dr. Epp checked boxes in almost every area listed, including the claimant's ability to perform even very short and simple instructions, but he provided no explanation for these drastic limitations. Since this was a one-time evaluation for the purpose of determining eligibility for State benefits, there are no clinical notes to review. He reviewed no other records and indicated that the claimant was a poor historian. In fact, he concluded that a good "diagnostic interview" was only possible by interviewing one of more people who knew the claimant. While he administered a mental status examination, he did not relate any of these findings to the checked boxes earlier in the form. For these reasons, I assigned this form minimal weight.

AR 26 (citations omitted).

The ALJ rejected Dr. Epp's opinion for the same reason he first rejected Dr. Thorpe's opinion—because Dr. Epp provided no explanation for the check-the-box portion of the opinion. *See* AR 25. As discussed above, "opinions in check-box form can be entitled to substantial weight when adequately supported." *Neff*, 639 Fed. Appx. 459 (citing *Garrison*, 759 F.3d 995 at 1013). Here, Dr. Epp's opinion was not merely a check-the-box form. Dr. Epp completed a DSHS evaluation form. *See* AR 554-558. While he opined to several limitations in "check-off" format, Dr. Epp's opinion includes notes from his clinical interview, clinical findings, and an MSE of Plaintiff. *See* AR 554-558. Dr. Epp's report detailed several abnormal

test results, which support his opinion. *See* AR 411-429. For example, while conducting the MSE, Dr. Epp found Plaintiff was not within normal limits in memory, fund of knowledge, concentration, abstract thought, and insight and judgment. *See* AR 557-558. Dr. Epp diagnosed Plaintiff with depression, panic attacks, hysteroid personality disorder, and narcissistic personality disorder. AR 555. As Dr. Epp's opinion included testing and results relevant to the opined limitations, his opinion was not merely a check-the-box form. Thus, the ALJ's finding that Dr. Epp did not provide an adequate explanation for the check-box portion of the opinions is not a specific, legitimate reason supported by substantial evidence for discounting the opinions. *See Smith*, 2012 WL 5511722, at *6. Therefore, the ALJ erred. Had the ALJ properly considered Dr. Epp's opinion, the RFC and hypothetical question posed to the VE may have included additional limitations, such as productivity. As the ultimate disability decision may have changed, the ALJ's error is not harmless. Accordingly, the ALJ is directed to reassess Dr. Epp's opinion on remand.

**II.     Whether the ALJ erred in evaluating Plaintiff's mental health impairments, pain disorders, the RFC, and the VE's testimony.**

Plaintiff also contends the ALJ erred in evaluating her mental health impairments, in assessing her RFC, and in failing to present the VE with the additional mental health restrictions opined by Drs. Thorpe and Epp. Dkt. 13, pp. 7-10. The Court concludes the ALJ committed harmful error when she failed to properly consider the opinions of Drs. Thorpe and Epp. *See* Section I, *supra*. As the Court finds the ALJ must re-evaluate this medical opinion evidence and as Plaintiff will have an opportunity to provide additional evidence on remand, the Court directs the ALJ to re-evaluate the entire sequential evaluation process. In particular, the ALJ should re-evaluate Plaintiff's mental health impairments at each step of the sequential evaluation process. The ALJ must also reassess the RFC and re-evaluate the findings at Step 5

to determine if there are jobs existing in significant numbers in the national economy that Plaintiff can perform in light of the RFC. *See* Social Security Ruling 96-8p ("The RFC assessment must always consider and address medical source opinions."); *Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective."); *Watson v. Astrue*, 2010 WL 4269545 *5 (C.D. Cal. Oct. 10, 2010) (finding the ALJ's RFC determination and hypothetical questions posed to the VE defective when the ALJ did not properly consider a doctor's findings).[1]

CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 15th day of January, 2020.

David W. Christel
United States Magistrate Judge

---

[1] Plaintiff also argues the ALJ erred by not considering all of her mental health impairments and pain disorders. Dkt. 13, pp. 4-5. The Court has found the ALJ committed harmful error and has directed the ALJ to reassess the opinions of Drs. Thorpe and Epp on remand. *See* Sections I, *supra*. Despite Plaintiff's argument being vague as how the ALJ erred in evaluating the medical evidence regarding Plaintiff's mental health impairments, the Court declines to consider this conclusory argument as the ALJ is directed to re-evaluate this case on remand.